IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 10-cv-02291-REB-CBS

LESLIE G. BERKOWITZ, and
KATHLEEN F. BERKOWITZ,

     Plaintiffs,

v.

METWEST INC. d/b/a QUEST DIAGNOSTIC INCORPORATED,
SIEMENS HEALTHCARE DIAGNOSTIC INC.,
SIEMENS MEDICAL SOLUTIONS USA, INC., and
SIEMENS AG,

     Defendants.

---

## ORDER RE: MOTION TO DISMISS COUNTS II, III AND IV OF PLAINTIFFS' FIRST AMENDED COMPLAINT

---

**Blackburn, J.**

The matter before me is the **Motion To Dismiss Counts II, III and IV of**

**Plaintiffs' First Amended Complaint** [#23][1] filed October 18, 2010, by defendant,

Siemens Healthcare Diagnostics Inc.  I grant the motion in part and deny it is part.

### I.  JURISDICTION

I have subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (diversity of

citizenship).

### II.  STANDARD OF REVIEW

In ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), I must

---

[1] "[#23]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

determine whether the allegations of the complaint are sufficient to state a claim within the meaning of Fed. R. Civ. P. 8(a).  I must accept all well-pleaded allegations of the complaint as true.  *McDonald v. Kinder-Morgan, Inc.*, 287 F.3d 992, 997 (10th Cir. 2002).  "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."  *Fernandez-Montes v. Allied Pilots Association*, 987 F.2d 278, 284 (5th Cir. 1993); *see also Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002) ("All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true."), *cert. denied*, 123 S.Ct. 1908 (2003).  I review the complaint to determine whether it "contains 'enough facts to state a claim to relief that is plausible on its face.'"  *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)).  "Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."  *Id.* (emphases in original).[2]

---

[2] *Twombly* rejected and supplanted the "no set of facts" language of *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).  The Tenth Circuit clarified the meaning of the "plausibility" standard:

> "plausibility" in this context must refer to the scope of the allegations in a complaint:  if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs "have not nudged their claims across the line from conceivable to plausible."  The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.

> This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect

## III.  ANALYSIS

Plaintiff, Leslie G. Berkowitz, is a quadriplegic.  Due to his condition, plaintiff is particularly susceptible to bladder infections and, thus, undergoes periodic testing to determine what medications can best treat such infections.  During a two-year period from 2006 through 2008, plaintiff suffered from numerous, serious, drug-resistant bladder infections.  Throughout this period, the testing that was performed on plaintiff was conducted by defendant, Quest Diagnostics Incorporated ("Quest"), using an "automated antibiotic susceptibility testing instrument" manufactured and provided by defendants, Siemens Healthcare Diagnostics Inc., Siemens Medical Solutions USA, Inc., and/or Siemens AG (collectively, "Siemens").[3]

On August 11, 2008, Quest informed plaintiff's physician that previously reported testing results regarding the resistance of plaintiff's bladder infections to various medications during this period were incorrect.  Plaintiff alleges that as a result of these erroneous reports and the associated intractable bladder infections he endured, he suffered medical and related expenses; significant physical pain, discomfort, and fatigue; mental and emotional distress; loss of earnings and earning capacity; and loss of enjoyment and quality of life.  He has asserted a claim against Quest for negligence,

---

of success, but also to inform the defendants of the actual grounds of the claim against them.  "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."

*Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008) (quoting *Twombly*, 127 S.Ct. at 1974; internal citations and footnote omitted).

[3]  This motion is brought by Siemens Healthcare Diagnostics, Inc., which represents that the parties are working on a joint stipulation to dismiss the other two Siemens entities as party defendants to this suit.  (*See Motion To Dismiss* at 2 n.2 [#23] filed October 18, 2010.)

and claims against Siemens for "product defect" and breach of implied warranty. Plaintiff's wife has asserted an associated claim for loss of her husband's consortium. Siemens now moves to dismiss all claims implicating it.

Plaintiff's second claim for relief, entitled "Product Defect – Federal Regulations," alleges that the automated antibiotic susceptibility testing instrument failed to conform to various "quality system" regulations promulgated by the Food and Drug Administration under the Food, Drug and Cosmetic Act ("FDCA") that establish basic requirements applicable to manufacturers of finished medical devices.  (*See* **Amended Complaint and Jury Demand** ¶ 21 at 5 [#12] filed September 23, 2010 (citing 21 C.F.R. §§ 820.1, 820.5, 820.20, 820.25).)  Siemens maintains that plaintiff cannot state a claim for violation of these regulations because to allow such a claim would permit plaintiff to pursue a private right of action for violation of the FDCA, which is enforceable only in an action brought by the government.  *See* 21 U.S.C. § 337(a).

However, the precedents on which Siemens relies are not quite as sweeping as its argument suggests.  In ***Braintree Laboratories, Inc. v. Nephro-Tech, Inc***., 1997 WL 94237 (D. Kan. Feb. 26, 1997), the plaintiff there alleged that the designation of the defendant's "dietary supplement" was false and misleading, in violation of the Lanham Act, to which the defendant countered that "that this claim may not stand because it merely alleges a violation of FDCA, for which no private right of action exists."  *Id.* at *2. In considering the interaction between the FDCA and the Lanham Act, the district court noted that

> because no private right of action exists under the FDCA, a
> plaintiff may not use the Lanham Act as an alternative

> vehicle by which to seek redress for an FDCA violation. . . .
> [C]laims that require direct interpretation and application of
> the FDCA are not properly recognized because such matters
> are more appropriately addressed by the FDA, especially in
> light of Congress's intention to repose in that body the task
> of enforcing the FDCA.

*Id.* at *6. Nevertheless, the district court also recognized that "[a]ffirmative misrepresentations . . . are generally actionable under the Lanham Act, even if the product is regulated by the FDA." *Id.* In later citing ***Braintree Laboratories*** with approval, and applying its reasoning to Lanham Act claims implicating regulations enforcing the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA"), the Tenth Circuit recognized likewise that some aspects of the plaintiff's claims survived. ***See Cottrell, Ltd. v. Biotrol International, Inc.***, 191 F.3d 1248, 1255-56 (10th Cir. 1999). More specifically, the court noted that the mere implication of FIFRA was insufficient to require dismissal:

> Defendants-appellees, however, would have us dismiss this
> case because Cottrell's Lanham Act claim touches on issues
> covered by FIFRA.  That is, because FIFRA prohibits the
> sale and distribution of products with unapproved or
> materially altered labels, defendants-appellees claim that
> FIFRA should preclude an independent Lanham Act claim.
> But, because FIFRA nowhere explicitly precludes Lanham
> Act coverage, *we refuse to limit the scope of the Lanham Act
> absent circumstances that inherently require interpretation of
> FIFRA regulations and/or EPA approvals.*

*Id.* at 1256 (emphasis added).

Given the nuance recognized in and required by these precedents, I cannot say with confidence that plaintiff's second claim for relief is subject to dismissal on the ground asserts by Siemens.  Although plaintiff does reference FDA regulations in

connection with this claim, he also asserts more generally that the device was defective

and that the failure to identify and rectify its defective condition constituted negligence

on the part of Siemens.  (**Amended Complaint and Jury Demand** ¶ 23 at 5 [#12] filed

September 23, 2010.)  Moreover, plaintiff allegations are stated in the disjunctive,

alleging that "the condition of that testing instrument was defective *and* in violation of []

FDA regulations."  (***Id.*** ¶ 21 at 5 (emphasis added).)  Therefore, it may be that plaintiff

purports to establish that the device was defective irrespective of the regulations.  ***See***

***Grove Fresh Distributors, Inc. v. Flavor Fresh Foods, Inc.***, 720 F.Supp. 714, 716

(N.D. Ill. 1989).  Indeed, plaintiff apparently is not yet sure that Siemens's device even

implicates the cited regulations, alleging only that the regulations were violated only "[t]o

the extent, if any," that they apply.  (***Id.***)[4]  Given all these considerations, I am unwilling

to say at this early juncture that plaintiff cannot state a plausible claim for product

defect, negligence, or negligence per se.[5]  Moreover, because at least this claim

survives the motion to dismiss, Siemens's motion to dismiss the loss of consortium

claim as unsupported must likewise fail.

Plaintiff has failed to state a cause of action, however, for breach of an implied

---

[4]  Of course, this ambiguous allegation presents its own set of problems under ***Twombly*** and its progeny, but because Siemens does not challenge the claim that basis, I do not consider such an undeveloped argument further. ***See Morgan v. United Parcel Service (UPS), Inc.***, 2007 WL 4269050 at *1 (D. Colo. Nov. 29, 2007).

[5]  Plaintiff's invocation of negligence suggests a second line of precedents from this district that may be relevant to this claim.  In ***Dolin v. Contemporary Financial Solutions, Inc.***, 622 F.Supp.2d 1077 (D. Colo. 2009), the court held that "[t]he doctrine of negligence per se may provide a plaintiff with a cause of action in negligence that he could not have sustained under the violated statute itself." ***Id.*** at 1085 (quoting ***Prymak v. Contemporary Financial Solutions, Inc.***, 2007 WL 4250020 at *10 (D. Colo. Nov. 29, 2007)).  ***But see Neiberger v. Hawkins***, 208 F.R.D. 301, 310 (D. Colo. 2002).  Siemens does not address these precedents at all, and they present yet further reason to deny the motion to dismiss plaintiff's second claim for relief for failure to state a claim.

6

warranty of fitness for a particular purpose.  Both of the potentially relevant statutes on

which plaintiff relies provide explicitly that such a warranty is created only when the

seller or lessor, as the case may be, at the time of contracting "has reason to know of

any particular purpose for which the goods are required and that the buyer [or lessee] is

relying on the seller's [or lessor's] skill or judgment to select or furnish suitable goods[.]"

*See* §§ 4-2-315 and 4-2.5.-213, C.R.S.  *See also Wallman v. Kelley*, 976 P.2d 330,

334 (Colo. App. 1998).  Plaintiff has failed to respond to this aspect of Siemens's motion

to dismiss, and, therefore, has failed to circumsubstantiate how his conclusory

allegation that Siemens impliedly warranted its device alleges these essential elements

with sufficient factual particularity to "nudge[] th[is] claim[] across the line from

conceivable to plausible." *Robbins*, 519 F.3d at 1248 (citation and internal quotation

marks omitted).[6]  Thus, the motion to dismiss this claim should be granted.

THEREFORE, IT IS ORDERED that the  **Motion To Dismiss Counts II, III and

IV of Plaintiffs' First Amended Complaint** [#23], filed October 18, 2010, by defendant,

Siemens Healthcare Diagnostics Inc., is **GRANTED IN PART** and **DENIED IN PART** as

follows:

1.  That the motion is **GRANTED** with respect to the Third Claim for Relief

(Breach of Warranty) asserted in the **Amended Complaint and Jury Demand** ¶¶ 29-35

at 6-7 [#12] filed September 23, 2010, and that claim is **DISMISSED WITHOUT

PREJUDICE**; and

---

[6] Plaintiff asserts this allegation "on information and belief."  In light of *Twombly* as interpreted in this circuit, however, this type of allegation still must be buttressed by sufficient factual detail to suggest that a plausible claim exists.  The amended complaint lacks such supporting facts, and therefore is deficient.  *See Smith v. Arguello*, 2010 WL 1781937 at *3 (D. Colo. May 4, 2010).

2.  That the motion is **DENIED** otherwise.

Dated December 23, 2010, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge