IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No. 1:10-cv-02291-WJM-CBS

LESLIE G. BERKOWITZ and KATHLEEN F. BERKOWITZ,

Plaintiffs,

v.

METWEST INC. d/b/a QUEST DIAGNOSTICS INCORPORATED, and
SIEMENS HEALTHCARE DIAGNOSTICS, INC.,

Defendants.

**STIPULATED PROTECTIVE ORDER**

The parties to the above-captioned action, and any third parties who may subsequently execute this Stipulated Protective Order, hereby agree as follows:

1. During the course of this litigation, confidential documents may be produced and the parties may seek the discovery of certain proprietary and confidential information and material from each other, as well as from third parties. The parties may also choose to use certain proprietary and confidential information in support of pleadings, at hearings, during depositions, and at trial.

2. Certain documents and information produced in this litigation may be considered "Confidential" if (a) the producing party considers the document or information to be proprietary, sensitive, and/or of such nature that it is not generally known or capable of independent discernment; or (b) the producing party reasonably believes the document or information to be of such a nature that the use of such document or information by the other parties (whether parties to this action or otherwise) outside this litigation would give such party an unfair competitive advantage in the marketplace ("Confidential Material").

3. All parties producing Confidential Material should identify the material as such by marking each page of the document, or all confidential portions thereof, with a designation of "Confidential".

4. Confidential Material is not to be used for any purpose other than the prosecution and defense of this litigation which would allow for the confidential material to be disclosed to (a) the parties, (b) the attorneys of record for the parties, (c) support staff of such attorneys, (e) the parties' officers or employees, (f) the Court, (g) the Court's staff, and (h) court reporters employed for purposes of recording deposition testimony.

5. In addition to the individuals set forth in Paragraph 4, Confidential Material produced by the parties may be revealed to the following "Qualified Persons": (a) any expert witness whom the parties may

wish to designate or consult, (b) persons who authored the document, and (c) any lay witness whose testimony is taken, or is to be taken, in this litigation, except that such a person may only be shown the Confidential Material during his or her testimony and in preparation therefore, and only to the extent necessary for the preparation of such testimony (collectively, "Qualified Persons").

6. Each Qualified Person, solely as defined in Paragraph 5, shall be required to sign a "Confidentiality Agreement," attached hereto, if the Confidential Material is to be disclosed to such Qualified Person. The original copy of each executed Confidentiality Agreement shall be maintained by the attorney revealing the Confidential Material to such Qualified Person.

7. All Qualified Persons as identified in Paragraph 5 shall keep all Confidential Material in a reasonably secure fashion, and shall take reasonable steps in accordance with usual business practices necessary to limit access to such materials and any copies thereof to those individuals set forth in Paragraph 5, above.

8. Except for use by Qualified Persons, no document or other written material which contains or makes reference to Confidential Material may be photocopied, transcribed electronically, or otherwise reproduced, summarized, or digested in any manner without the prior written approval of the party producing said document. The person, corporation, partnership, association, trust, or entity seeking such approval shall specify the reasons and circumstances underlying such request and shall certify that only those authorized to receive Confidential Material under the terms of the Protective Order, will receive Confidential Material as a result of such copying or reproduction. For the purpose of this Protective Order, transmission by facsimile is deemed to be copying or reproduction.

9. Plaintiffs, Defendants, or third parties may designate deposition testimony, or any portion thereof, as "Confidential" by advising the court reporter and other counsel of such designation, and the asserted basis, during the course of the deposition or within fifteen (15) days following receipt of the deposition transcript.

10. Plaintiffs, Defendants, or third parties may designate as "Confidential" specific responses to interrogatories, document requests, subpoenas, or to any specific request for admissions by labeling the specific response "Confidential," and setting forth the asserted basis.

11. A party classifying material as "Confidential" shall do so only upon a good faith belief that such classification is necessary to prevent injury or damage to that party.

12. In the event any of such documents, interrogatory responses, testimony, information, or other materials designated as "Confidential" are used in any Court proceeding herein, including depositions, the court shall determine whether, to what extent, and in what manner, they shall continue to be treated as "Confidential".

13. If Confidential Material is contained in any brief or other paper to be filed with the Court by a party, the Confidential Material will be redacted from such brief or other paper and shall be appropriately marked and separately filed in a sealed envelope. The envelope shall set forth on its face the case caption, the

title of the paper, a notation that the paper is filed under seal, and the title and date of the Court Order authorizing the paper to be filed under seal. Upon or before tendering such Confidential Material to the Court for filing, the party shall file a motion with the Court to obtain leave to file it under seal. If such leave is not obtained, then the party or third party desiring to file the Confidential Material shall confer in good faith with the party or third party who originally produced the Confidential Material to determine how such information otherwise may be provided to the Court. If the Court ultimately refuses to allow such information to be filed under seal, then the parties agree to cooperate in good faith to determine if redacting certain proprietary information can be done in such a way to honor, to the extent reasonably possible, the desire of the original producing party to keep proprietary information confidential. If the parties fail to agree on such redaction, the producing party will be left with producing the full information or seeking extraordinary relief if applicable. In such case, any applicable filing deadline will be deemed met by the filing of the motion for leave to file under seal referred to above.

14. A party may object to the designation of particular Confidential Material by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within fourteen (14) days after the time the notice is received, it shall be the obligation of the party designating the information as Confidential to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as Confidential under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as Confidential and shall not thereafter be treated as Confidential in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as Confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential.

15. The failure of a party to object to the designation at the time it receives Confidential Material shall not be deemed a waiver of that party's right to object to that designation at a later time. A party objecting to the designation of Confidential Material may, after making a good faith effort to resolve any such objection, move on reasonable notice for an order vacating the designation. If such a motion is filed, the designating party shall bear the burden of demonstrating the proprietary of the designation. While such application is pending, the material in question shall be treated as Confidential Material pursuant to the Protective Order.

16. The inadvertent production of any information without it being properly marked or otherwise designated shall not be deemed to waive any claim of confidentiality with respect to such information. If a producing party, through inadvertence, produces any Confidential Material without marking or designating it as such in accordance with the provisions of this Order, the producing party may, promptly on discovery, furnish a substitute copy properly marked along with written notice to all parties (or written notice alone as to non-documentary information) that such information is deemed Confidential Material and should be treated as such in accordance with the provisions of this Order. The substitute copy shall be in the format originally provided. Each receiving person must treat such information as Confidential Material in accordance with the notice from the date such notice is received. Disclosure of such Confidential Material prior to the receipt of such notice, if known, shall be reported to the producing party and shall not be deemed a violation of this Order.

17. After final termination of all pending litigation relating to the above-captioned cause, whether by settlement or otherwise, each party and its counsel in possession of any Confidential Material shall destroy the documents or return to opposing counsel all confidential materials within thirty (30) days following a request made in writing; or as ordered by the Court. All notes, memoranda, summaries, or other documents referring, describing, or relating to the documents, testimony, information, or other materials designated as "Confidential" shall be destroyed.

18. The inadvertent production of any information during discovery in this action shall be without prejudice to any claim that such information is subject to the attorney-client privilege or is protected from discovery as attorney work product. No party shall be held to have waived any rights by such inadvertent production. Upon notification of inadvertent production, the receiving party shall not use or divulge the contents of such information unless subsequently agreed to by the producing party or permitted by the Court, provided however that the producing party claiming the inadvertent production has first provided the receiving party with a privilege log identifying the basis for the claimed privilege as well as the authors and recipients of the documents. Any such inadvertently produced information shall be returned by the receiving party within three business days of the written request for its return and the identification of the information on a privilege log. The receiving party retains the right to challenge the information as having been inadvertently produced or, if inadvertently produced, as protected from discovery on grounds of privilege or work product.

Respectfully submitted,

s/ John A. Purvis
John A. Purvis
PURVIS • GRAY, LLP
4410 Arapahoe Avenue, Suite 200
Boulder, CO 80303
Telephone: (303) 442-3366
Fax: (303) 440-3688
jpurvis@purvisgray.net
ATTORNEYS FOR PLAINTIFFS


s/ Michael D. Alper
Michael D. Alper
Christina J. Valerio
Wheeler Trigg O'Donnell LLP
1801 California Street, Suite 3600
Denver, CO 80202-2617
Telephone: (303) 244-1800
E-mail: alper@wtotrial.com
valerio@wtotrial.com
ATTORNEYS FOR DEFENDANT METWEST, INC. D/B/A
QUEST DIAGNOSTICS INCORPORATED

s/ Joseph H. Guffey
Joseph H. Guffey
Justin M. Stephens
Husch Blackwell LLP
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
Main: (314) 480-1500
Fax: (314) 480-1505
joseph.guffey@huschblackwell.com
Justin.Stephens@huschblackwell.com

and

Sudee Mirsafian Wright
Husch Blackwell LLP
1700 Lincoln Street, Suite 4700
Denver, CO 80203
(303) 749-7200
Fax: (303) 749-7272
sudee.wright@huschblackwell.com
ATTORNEYS FOR SIEMENS HEALTHCARE DIAGNOSTICS INC.

SO ORDERED at Denver, Colorado, this 15th day of March, 2011.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

## **CONFIDENTIALITY AGREEMENT**

   The undersigned person hereby states, agrees and affirms that such person: (1) has been designated by _____ to receive and review Confidential Material; and (2) has read, is familiar with and bound by the terms and conditions of the Protective Order issued by the United States District Court for the District of Colorado in Case No. 1:10-cv-02291-REB-CBS ("Protective Order"); and (3) shall disclose and use the Confidential Material only as permitted by the Protective Order; and (4) shall not directly or indirectly disclose any Confidential Material to any other person, corporation, partnership, association, trust, or entity or use Confidential Material for any other purpose except as permitted by the Protective Order; and (5) shall take all precautions to safeguard, cover, and protect against such disclosure under penalty of law.

Dated:_____

_____
Signature

_____
Printed Name